IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AMEGY BANK NATIONAL ASSOCIATION fka SOUTHWEST BANK OF TEXAS, N.A., <br><br>        Plaintiff,<br><br>  vs.<br><br>MISS CONY, Cayman Islands, O.N. 733932, her engines, tackle, gear and appurtenances, In Rem; IMIC HOLDINGS, INC., In Personam; and RICHARD R. FOREMAN, In Personam,<br><br>        Defendants.<br>_____ | CIVIL NO. CV06-00405 SOM/KSC<br>(In Admiralty)<br><br>FINDINGS AND RECOMMENDA-TIONS ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST ALL CLAIMANTS WHO HAVE NOT FILED A STATEMENT OF RIGHT/INTEREST AND/OR INTERVENED<br><br><br>TRIAL DATE: 11/06/07 |

FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT
AGAINST ALL CLAIMANTS WHO HAVE NOT FILED A
STATEMENT OF RIGHT/INTEREST AND/OR INTERVENED

On June 7, 2007, AMEGY BANK NATIONAL ASSOCIATION's ("Plaintiff") Motion for Entry of Default Judgment Against All Claimants Who Have Not Filed a Statement of Right/Interest and/or Intervened came before this Court. A Notice of No Opposition was filed by Plaintiff-Intervenor Earl Keene ("Keene"). Nothing was filed by any of the named Defendants. Present at the hearing was Michael J. Nakano for Plaintiff.

Pursuant to Supplemental Rule C(6)(a)[1] and Local Admiralty Rules C.4 and C.5, any and all persons claiming a right of possession or ownership interest in the vessel MISS CONY, Cayman Islands O.N. 733932 ("Vessel"), were required to file statements of right/interest by August 28, 2006. Accordingly, Plaintiff requests a default judgment against all who have not filed a statement of right/interest and/or intervened to assert a lien.

Based on the pleadings filed the Court FINDS that the required notice has been given and the time for filing statements of right/interest and/or intervention have expired. Accordingly, the Court RECOMMENDS the entry of default judgment against any and all claimants who have not filed a statement of right/interest and/or intervened.

## BACKGROUND

On July 27, 2006, Plaintiff filed a Verified Complaint against Richard Foreman ("Foreman"), IMIC Holdings, Inc. ("IMIC") and the Vessel. A copy of the Verified Complaint and summons were personally served upon Foreman and IMIC. See Return of Serv. filed Aug. 30, 2006. According to the Verified Complaint Plaintiff holds a promissory note secured with a preferred ship mortgage on the Vessel. On July 28, 2006, the U.S. Marshal arrested the Vessel

---

[1] Formerly, Supplemental Rule C(6)(b)

under a warrant issued by this Court.

On August 8, 2006, Plaintiff moved the Court for an order authorizing publication of notice of arrest of the Vessel in accordance with Supplemental Rule C(4) and Local Admiralty Rule C.3.  Plaintiff's motion was granted and notice of the arrest was published in the Honolulu Star-Bulletin on August 18, 2006.  See Proof of Publication filed August 25, 2006.

Plaintiff sent notice of the arrest to: Keene; Rick Gaffney; Ko Olina Marina; IMIC; and Foreman.[2]  The notice informed the recipients of the arrest and their right to participate in the litigation to protect their interests, if any.  The only claim of right/interest was filed by IMIC on August 23, 2006. With the exception of IMIC, none of the individuals/entities who were notified had recorded interests in the Vessel.

On August 21, 2006, Keene, the Vessel's former captain, filed a motion to intervene.  Shortly thereafter, Plaintiff stipulated to Keene's intervention.  On September 11, 2006, Plaintiff-Intervenor filed a Verified Complaint in intervention against Foreman and the Vessel.

On September 11, 2006, Plaintiff also filed a Motion for Entry of

---

[2] Notice was sent to IMIC at a variety of different addresses including the address listed in the promissory notes, the address listed in the mortgage, and Foreman's address.  The notice was not accepted at any of these addresses.

Default Judgment Against All Claimants Who Have Not Filed a Statement of Right/Interest and/or Intervened ("Motion for Default"). On September 27, 2006, United States District Judge Susan O. Mollway issued an order staying Plaintiff's action and compelling arbitration of Plaintiff's claims. As a result, Plaintiff's Motion for Default was withdrawn, without prejudice on September 29, 2006.

On May 2, 2007, Plaintiff filed an Amended Notice of Hearing, reinstating the Motion for Default. The Motion for Default came for hearing before this Court on June 7, 2007 and was granted. On June 7, 2007, the Clerk entered default against all claimants who have not filed a statement of right/interest and/or intervened.

## STANDARD

A party is entitled to entry of default upon a showing that: (a) notice has been given as required by LR C.4(a); (b) notice has been attempted as required by LR C.4(b), where appropriate; (c) the time for answer has expired; and (d) no one has appeared to claim the property. L.R. C.5. Judgment may be entered at any time after default has been entered. Id.

## DISCUSSION

A.   All notice requirements have been met

Plaintiff has met all of the notice requirements under the

Supplemental Rules, Local Admiralty Rules and relevant statutes. Local Admiralty Rule C.5 specifies that notice must be made in accordance with Local Admiralty Rule C.4(a) and must be attempted in accordance with Local Admiralty Rule C.4(b), where appropriate. Supplemental Rule C.4 also incorporates the notice requirements of 46 U.S.C. §§ 31301. Plaintiff has met all of these requirements.

1. <u>Local Admiralty Rule C.4(a)</u>

Local Admiralty Rule C.4(a) requires publication of notice of arrest as outlined in Supplemental Rule C(4). <u>See</u> L.R. C.4(a). If the vessel is not released within ten days of arrest, notice of the arrest must be published in a newspaper with general circulation in the district. <u>See</u> Fed. R. Civ. P. Supp. R. C(4). Supplemental Rule C(4) requires that the notice indicate the time to file a statement of interest in or right against the seized property. <u>Id.</u>

As noted above, Plaintiff moved this Court for an order authorizing publication. In accordance with this Court's order, notice of the arrest was published on August 18, 2006 in the Honolulu Star-Bulletin. The notice contained all of the information required under Supplemental Rule C(4) and Local Admiralty Rule C.3(a). Proof of publication was filed on August 25, 2006, in accordance with Local Admiralty Rule C.3(b).

  2. <u>Local Admiralty Rule C.4(b)</u>

  Local Admiralty Rule C.4(b) requires the plaintiff to send notice of the arrest to all persons with a recorded interest if the vessel is documented with the United States Coast Guard ("USCG"). LR C.4(b). This rule does not apply to the Vessel because it is not documented with the USCG. The Vessel is registered in the Cayman Islands.

  Despite the fact that LR C(4)(b) does not apply, Plaintiff attempted to give actual notice all persons with a recorded interest as well as all persons who Plaintiff believed may have lien rights to the Vessel. The only parties with recorded interests were IMIC and Plaintiff. Notice was provided to IMIC through personal service of the Verified Complaint and Summons on IMIC's President and sole director, Foreman. Plaintiff also sent notification to: Keene; Rick Gaffney; Ko Olina Marina; and Foreman, because they may have had lien rights against the vessel.

  3. <u>46 U.S.C. §§ 31301 et seq.</u>

  Supplemental Rule C(4) incorporates the notice requirements in 46 U.S.C. § 31325(d)(1), for an action to enforce a preferred mortgage lien via in rem proceedings. There are three requirements: (1) actual notice to the master or individual in charge of the vessel; (2) actual notice to anyone with a recorded lien

or mortgage; and (3) a mortgagee of a recorded, undischarged mortgage. 46 U.S.C. § 31325(d)(1)(A)-(C).

Although it is unclear who was the master and/or in charge of the Vessel at the time of arrest, actual notice was provided to both Keene, the Vessel's former captain, and Foreman, the sole shareholder of IMIC. The only entity with a recorded lien or mortgage is Plaintiff. Accordingly, the notice requirements of 46 U.S.C. § 31325(d)(1) have been met.

B.   The time for filing claims and answers has expired

The time to file claims has passed and all parties that would otherwise have an interest have failed to plead. The rules provide two deadlines for filing claims and/or answers. Regardless of which deadline is applied the time has expired.

It is within the Court's power to default any parties who have not appeared and to bar any unfiled claims to the vessel and/or proceeds from her sale if the requirements of Supplemental Rule C(6) have not been met. U.S.A. v. The Pride of Texas, 964 F.Supp. 986, 988 (E.D.Va. 1994).

1.   Supplemental Rule C(6)(a)(i)

Under Supplemental Rule C(6)(a)(i), any and all statements of right/ interest must be filed within ten days after the execution of process or within the

time the court allows. Fed. R. Civ. P. Supp. R. C(6)(a)(i). The party asserting a right/interest must then file an answer within twenty days after filing its statement of right/interest. Fed. R. Civ. P. Supp. R. C(6)(a)(iv). "The filing of a claim is a prerequisite to the filing of an answer." Gregory Boat Co. v. The Vessel Big Beaut, 938 F.Supp. 414, 415 (E.D.Mich. 1996).

In this case, process was executed and the Vessel arrested by the United States Marshal on July 28, 2006. See Process Receipt and Return filed Aug. 7, 2006. Under Supplemental Rule C(6)(a)(i), parties wishing to assert a claim had until August 7, 2006 to file a statement of right/interest. This, in turn, established August 27, 2006, as the deadline for filing an answer. Thus, both the deadline for filing a statement of right/interest and the deadline for filing an answer have passed.

    2.    Local Admiralty Rule C.3

Under Supplemental Rule C(6)(a)(i), statements of right/interest must be filed within ten day of execution of process or within the time allowed by the court. This Court's local rules provide an alternative deadline. Under Local Admiralty Rule C.3(a)(5), a statement of right/interest must be filed within ten days after publication of notice of the arrest. An answer must then be filed within twenty days after publication of notice of the arrest. L.R. C.3(a)(6).

Notice of the arrest was published on August 18, 2006. Accordingly, any statements of right/interest should have been filed by August 28, 2006 and all answers by September 7, 2006. Thus, under the alternative deadline provided by Local Admiralty Rule C.3(a), the time for filing statements of right/interest and answers has expired.

## CONCLUSION

Based on the foregoing the court FINDS: Plaintiff has met the notice requirements; the time for filing statements of rights/interest and/or intervening to assert liens has expired; and default has been entered by the Clerk against all claimants who have not filed statement of right/interest and/or intervened. Thus, the court RECOMMENDS the entry of default judgment against all claimants who have not filed statements of right/interest or intervened in this action.

DATED: Honolulu, Hawaii; June 14, 2007.



_____
Kevin S.C. Chang
United States Magistrate Judge